# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 17, 2022

Lyle W. Cayce
Clerk

No. 20-60805
Summary Calendar

Jesse Manuel Skinner,

*Plaintiff—Appellant*,

*versus*

GPCH-GP, Incorporated; William E. Whitfield, III,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:19-CV-319

Before Smith, Higginson, and Willett, *Circuit Judges*.
Per Curiam:*

Jesse Manuel Skinner, federal prisoner # 35713-019, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his civil rights complaint against GPCH-GP, Inc. (GPCH-GP) and its registered agent, William Whitfield. Skinner asserted that the defendants violated his

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

rights under the United States and Mississippi Constitutions by denying his request to release medical records pertaining to the treatment of two agents following the execution of a search warrant on his property. The district court dismissed Skinner's complaint for failure to state a claim and as frivolous, concluding that it was barred by the doctrine of res judicata and, alternatively, by the statute of limitations.

By moving to proceed IFP, Skinner challenges the certification that his appeal is not in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). He must show that his "appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

Although Skinner acknowledges the basis for the district court's certification decision, he fails in any of his submissions to meaningfully brief any argument challenging the correctness of the district court's detailed and well supported ruling that the claims against the defendants are based on the same set of operative facts he raised in a previous lawsuit against GPCH-GP. Moreover, Skinner does not offer any argument challenging the district court's determination that his claims against the defendants are also precluded by the applicable statute of limitations. As such, he has abandoned any challenge to the district court's certification decision. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). He thus has failed to show that he will raise a nonfrivolous issue for appeal. *See Brinkmann*, 813 F.2d at 748; *Howard*, 707 F.2d at 220.

Accordingly, Skinner's IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. 42.2. Skinner's motion to remand to the district court for a ruling on his

motion pursuant to Federal Rule of Civil Procedure 60(b)(4) is also DENIED.

Finally, the district court's dismissal of Skinner's complaint and this court's dismissal of his appeal as frivolous each count as a strike under 28 U.S.C. § 1915. *See* § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Skinner is WARNED that if he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).